**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DAMON E. HAWKINS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-12-583-D** |
| | ) | |
| **WARDEN UPTON,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner, a federal prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus. Petitioner is currently incarcerated at the federal correctional institution in El Reno, Oklahoma [Doc. No. 2]. United States District Judge Timothy D. DeGiusti has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition has been promptly examined and for the reasons set forth below, it is recommended that the petition be summarily dismissed upon filing.[1]

Petitioner recites that he is currently serving a 180 month sentence following a plea of guilty to Unlawful Transport of Firearms pursuant to 18 U.S. C. § 922 (g). Petition [Doc.

---

[1]Rule 4 may be applied in the court's discretion to actions brought pursuant to 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing 2254 Cases in the United States District Courts. *See also Boutwell v. Keating,* 399 F.3d 1203, 1210 n.2 (10th Cir. 2005) (district court acted within its discretion in applying the Section 2254 Rules to prisoner's § 2241 petition) (citing Rule 1 (b)).

No. 1]. With regard to the proceeding in which he was sentenced, Petitioner states he was arraigned pursuant to a complaint – referenced as "Doc. #1" but not attached to the petition – which was filed on October 9, 2002, and further states that he was sentenced on August 11, 2003. *Id.* at 1. A search of publicly available records reveals that Petitioner's sentence was imposed in the case of *USA v. Hawkins*, CR-02-276, in the United States District Court for the Western District of Missouri (Kansas City).[2] Petitioner complains that the sentencing judge erred by characterizing a prior conviction as a crime of violence and imposing a sentence that was not within the ten-year statutory maximum punishment for a violation of 18 U. S. C. § 922(g)(1)." *Id.* at 2. As relief, Petitioner seeks his immediate release. *Id.* at 4.

**Analysis**

It is well-established that an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion filed pursuant to 28 U.S.C. § 2255 serve separate and distinct purposes. A petition under 28 U.S.C. § 2241 attacks the execution of a sentence and must be filed in the district where the prisoner is confined. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). On the other hand, a "§ 2255[3] petition attacks the legality of detention and

---

[2]http://www.pacer.gov/pcl.html

[3]Title 28 U.S.C. § 2255 provides, in part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or

must be filed in the district that imposed the sentence." *Id.* (citations omitted). A petition brought pursuant to § 2241 "is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255." *Id.* Relief is available pursuant to Section 2241 only if Petitioner establishes that the remedy under Section 2255 is "inadequate or ineffective" to challenge the validity of his judgment or sentence." *Id.* "The '[f]ailure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective." *Williams v. Gallegos,* No. 05-3346, 2006 WL 497721, at * 1 (10th Cir. Mar. 2, 2006) (unpublished op.) (quoting *Williams v. United States,* 323 F.2d 672, 673 (10th Cir. 1963)).

It appears that Petitioner is seeking to attack the validity of his judgment or sentence, something he must do pursuant to 28 U.S.C. § 2255 unless he can demonstrate the inadequacy or ineffectiveness of that remedy; Petitioner has suggested neither in his petition. He will have a further opportunity to be heard on the matter by filing an objection to this Report and Recommendation. *See Smith v. Dorsey,* No. 93-2229, 1994 WL 396069, at *3 (10th Cir. 1994) (unpublished op.) (finding "no due process problem" where magistrate judge raised issue of procedural bar *sua sponte* and petitioner had opportunity to object to report and recommendation prior to its adoption) (citing *Hardiman v. Reynolds,* 971 F.2d 500, 502-05 (10th Cir. 1992)).

---

that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

**RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For the reasons discussed herein, it is the recommendation of the undersigned Magistrate Judge that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241be summarily dismissed for lack of jurisdiction. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by August 27, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F. 2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 6th day of August, 2012.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE